# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| ANTONIO G. RODRIGUEZ, § | |
| § | |
| Petitioner, § | |
| v. § | CIVIL ACTION NO. H-04-2065 |
| § | |
| DOUG DRETKE, § | |
| § | |
| Respondent. § | |

## MEMORANDUM ON DISMISSAL

Pending before the Court is Respondent's Motion for Summary Judgment. Respondent contends that this habeas corpus application is time barred under 28 U.S.C. § 2244(d). This Court will GRANT the motion and DISMISS the application.

### I. BACKGROUND AND CLAIMS

Petitioner, Antonio G. Rodriguez, is incarcerated in the Texas Department of Criminal Justice (TDCJ). He challenges a conviction for murder in cause number 837,687 in the 228th District Court of Harris County, Texas. *See* 28 U.S.C. § 2254. On January 11, 2001, the state court sentenced Petitioner to eight years imprisonment after the jury returned a guilty verdict.

Petitioner raises these grounds for relief:

1. Petitioner received ineffective assistance of counsel during a critical stage of the prosecution.

2. Petitioner was denied his right to proceed *pro se* on appeal.

3. The prosecutor made improper references to Petitioner's post-arrest silence during cross-examination and jury argument.

## II. THE STATUTE OF LIMITATIONS

A statute of limitations applies to habeas corpus challenges to state court convictions under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which amended the habeas corpus statutes. The AEDPA states in part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(West 1996).

## III. RESPONDENT'S MOTION

The state court records submitted by Respondent show the following. The Texas First Court of Appeals affirmed Petitioner's conviction on May 23, 2002, in appeal number 01-01-00223-CR. Petitioner filed several motions for rehearing and other subsequent pleadings in the Texas appellate court system. Ultimately, on Petitioner's motion, the Texas Court of Criminal Appeals extended the time to file a Petition for Discretionary Review (PDR) to December 6, 2002. In granting the extension, the Texas Court of Criminal Appeals stated: "No further extensions will be entertained."

Petitioner filed his PDR under number 1842-02 on December 16, 2002. On February 5, 2003, the Court of Criminal Appeals dismissed the PDR as untimely. Petitioner filed a Motion for Rehearing on February 21, 2003. The Court of Criminal Appeals denied this motion on March 19, 2003. Petitioner filed an Original Petition for Writ of Mandamus in the Texas Court of Criminal Appeals on January 17, 2003. Petitioner did not file any post-conviction state writ applications under article 11.07 of the Texas Code of Criminal Procedure challenging his conviction. Petitioner constructively filed this federal application on May 6, 2004.

Respondent's assertions and contentions follow. Subsection (A) of section 2244(d)(1) governs the running of the statute of limitations in Petitioner's case. Petitioner's conviction became final under section 2244(d)(1)(A) on December 6, 2002, when the time to seek discretionary review—as granted by the Texas Court of Criminal

3

Appeals in an extension of time—expired. That date is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" under 28 U.S.C. § 2244(d)(1)(A). December 6, 2002, was the last date on which Petitioner could seek direct review from the Texas Court of Criminal Appeals in a PDR. The conviction "became final by ..... the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The statute of limitations expired one year later, on December 6, 2003.

The application for a writ of mandamus is not collateral review under 28 U.S.C. § 2244(d)(2). As such, the pendency of the mandamus action does not toll the statute of limitations. Respondent also maintains that Petitioner's motion for rehearing filed on February 21, 2003, is not collateral review because Petitioner was seeking relief under the Texas Court of Criminal Appeals's discretionary review jurisdiction. Petitioner's motion to stay execution of the mandate was also part of direct review, not collateral review.

Under Respondent's analysis, Petitioner's conviction became final on December 6, 2002. Without any collateral-review tolling, the statute of limitations expired on December 6, 2003.

Respondent addresses Petitioner's argument for equitable tolling which he makes in his memorandum in support [Docket Entry No. 3]. Petitioner states that on June 16,

2003, jail officials transferred him from the Harris County Jail to the Garza West Unit of the TDCJ, which had an inadequate law library. Petitioner complained about the law library and prison officials transferred him to another TDCJ unit on September 15, 2003. He arrived at his new unit on October 3, 2003. However, his 19 bundles of legal materials, including trial records, did not catch up with him until December 5, 2003. Respondent argues that because Petitioner's federal application was not due until December 6, 2004, he still had a full year to file his federal application after receiving his legal materials. Respondent's argument that Petitioner had a full year to file is factually flawed because his application was due in this Court on December 6, 2003.

## IV. PETITIONER'S CONTENTIONS

Petitioner reports the following procedural chronology concerning filings after December 16, 2002.

(1) On January 10, 2003, Petitioner mailed an Application and Memorandum in Support of a Writ of Mandamus to the Texas Court of Criminal Appeals. The Clerk received it on January 17, 2003, and submitted it to the Court on February 10, 2003, under writ number 54,929-01. The Court denied it on April 2, 2003.

(2) On February 21, 2003, Petitioner filed a Motion for Rehearing of the PDR filed pursuant to TEX.R.APP.P. 79 in the Texas Court of Criminal Appeals under appeal cause number 1842-02, which was denied on March 19, 2003.

(3) Petitioner filed another Motion for Rehearing on March 19, 2003.

(4) On March 24, 2003, Petitioner filed a Motion for Stay of Execution of the Mandate in Texas Court of Criminal Appeals No. 1842-03.  No ruling was issued.

(5) On April 11, 2003, Petitioner mailed a Motion of Mandate in Court of Appeals No. 01-01-223-CR.  No ruling was issued.

>    Petitioner's contentions follow.

(1) He mailed his PDR on December 6, 2002, under the "Prison Mailbox Rule." The Clerk filed it on December 16, 2002.  Petitioner contends his PDR was timely filed.

(2) The PDR was "properly filed" until the Texas Court of Criminal Appeals dismissed it as untimely.  Because the PDR was properly filed, it tolled the statute of limitations under subsection 2244(d)(2).

(3)   Petitioner's conviction did not become final until the Texas Court of Appeals issued a mandate under Texas appellate rules.

(4) Petitioner filed a timely motion for rehearing under TEX. R. APP. P. 79 on February 21, 2003.

(5) Petitioner's claims in his motion for rehearing on his PDR cured any defects that led to the dismissal of his PDR.

(6) The constitutional claims presented in his PDR were presented in his motion for rehearing and the Texas Court of Criminal Appeals decided these claims on the merits when it denied his motion for rehearing.

(7) Petitioner is entitled to tolling for the period his motion for rehearing was pending.

(8) Petitioner's motion to stay execution of mandate tolls the statute of limitations as collateral review. In his motion, he was attempting to "obtain further direct review of his constitutional claims." Petitioner asserts he was entitled to tolling of the statute of limitations while this motion was pending.

(9) Petitioner asserts that he has shown state actions which impeded him from filing his habeas corpus petition sooner, citing 28 U.S.C. § 2244(d)(1)(B).

## V. ANALYSIS

### A. Conviction Final on December 6, 2002 under § 2244(d)(1)(A)

Respondent's summary judgment evidence shows that the Texas Court of Criminal Appeals granted Petitioner an extension of time to file a PDR on or before December 6, 2002, with the proviso that "[n]o further extensions will be entertained." Petitioner filed the PDR on December 16, 2002, and the Texas Court of Criminal Appeals dismissed it as untimely.

The Fifth Circuit has explained that under subsection 2244(d)(1)(A) "the conclusion of direct review" is "when the Supreme Court either rejects the petition for certiorari or rules on its merits." *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003). If the conviction does not become final through this process, then it becomes final by "the expiration of the time for seeking such review," which includes the ninety

7

days allowed for filing a petition for certiorari. *Id*. Where "the defendant stops the appeal process before that point, the conviction becomes final when the time for seeking further direct review in the state court expires." *Id*.

Roberts did not file a PDR "within the [time] allowed." *Roberts*, 319 F.3d at 694. "Therefore Roberts was unable to pursue further direct review." *Id*. Petitioner did not file his PDR within the time allowed in the extension granted by the Texas Court of Criminal Appeals. Following the reasoning in *Roberts*, Petitioner's failure to file timely a PDR precluded him from seeking direct review in the Supreme Court. *Id*.

The issue here is whether Petitioner could extend the direct review of his conviction by petitioning the Supreme Court for further review by a writ of certiorari. To pursue further direct review in the Supreme Court, Petitioner needed a judgment by the Texas Court of Criminal Appeals concerning the validity of his state court conviction. 28 U.S.C. § 1257. Petitioner did not have a refusal of a PDR by the Texas Court of Criminal Appeals. Petitioner had only a dismissal of the PDR as untimely.

The Supreme Court does not have certiorari jurisdiction unless the Texas Court of Criminal Appeals in some way decided the claims concerning Petitioner's conviction. *Street v. New York*, 394 U.S. 576, 581-82 (1969). A refusal of the PDR would have qualified as a decision by the Court of Criminal Appeals. However, a dismissal of the PDR as untimely does not. "If the state's highest court denies review

for failure to comply with reasonable procedural rules, 'the case stands as though no appeal had been prosecuted from the judgment rendered by the trial court.'" 16B Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2nd § 4007, at 133 (1996) (citing *Newman v. Gates*, 204 U.S. 89, 95 (1907)).

Petitioner's motions for rehearing and other motions do not change the determination that direct review ended when he failed to file a timely PDR. These motions did not change the fact that Petitioner no longer had the opportunity to seek further direct review. *Roberts*, 319 F.3d at 693, n. 14. Furthermore, they did not change the fact that Petitioner had not obtained a final judgment by the Texas Court of Criminal Appeals on the claims on which he could have sought review by the Supreme Court. In the absence of a judgment by the Texas Court of Criminal Appeals, the Supreme Court has no certiorari jurisdiction. *See* 28 U.S.C. § 1257 ("Final judgments .. rendered by the highest court of a State in which a decision could be had may be reviewed by the Supreme Court by writ of certiorari.").

Petitioner maintains his Petition for Discretionary Review was timely. However, the Texas Court of Criminal Appeals determined it was untimely. On several post-dismissal motions, they repeated this finding. Implicitly, Petitioner contends the Court of Criminal Appeals was mistaken in dismissing his PDR as untimely. This Court is required to accord due deference to a state courts' interpretation or application of state

law. *See Weeks v. Scott*, 55 F.3d 1059, 1063 (5th Cir. 1995). Furthermore, if the Court of Criminal Appeals was mistaken in interpreting and applying Texas law, that does not convert its ruling into a judgment on the merits of Petitioner's state-court direct review sufficient to give the Supreme Court certiorari jurisdiction. *See* 28 U.S.C. § 1257, 16B Wright, Miller & Cooper; *Newman*, 204 U.S. at 95.

Supreme Court Rule 13.3. provides in part: "The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed .... But if a petition for rehearing is timely filed in the lower court ...., the time to file the petition for a writ of certiorari .... runs from the date of the denial of rehearing ...." Petitioner filed motions for rehearing. However, these motions sought rehearing on the dismissal for untimeliness, not on the "judgment or order sought to be reviewed," *i.e.*, a judgment or order by the Texas Court of Criminal Appeals concerning Petitioner's conviction. To the extent Petitioner moved for rehearing on the PDR itself, any such motions were untimely and were not "appropriately entertain[ed]" and were not "*sua sponte* consider[ed]." Furthermore, these motions would have only extended the time to review the order dismissing the PDR as untimely not any order or judgment on his habeas claims challenging his conviction.

Rule 13.3 does not help Petitioner. Petitioner stopped the direct review of his conviction when he failed to file a timely PDR in the Court of Criminal Appeals. The time for seeking direct review was not extended by the 90 days provided by Supreme

10

Court Rule 13.

Petitioner claims he mailed his PDR under the "Prison Mailbox Rule." Petitioner does not specifically explain what he means by the "Prison Mailbox Rule." The Fifth Circuit recognizes a mailbox rule under which a prisoner's federal habeas corpus petition is considered filed when he gives it to a prison officer for mailing to the federal clerk. *Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir.1998). However, the Fifth Circuit has "decline[d] to extend the mailbox rule to the determination of filing dates for state habeas applications." *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999). To the extent there is a mailbox rule under Texas law, the Court of Criminal Appeals decided the matter against Petitioner in dismissing his PDR as untimely.

Petitioner's claim that his conviction did not become final until the Court of Appeals issued a mandate is also unsound. Finality under subsection 2244(d)(1)(A) is not controlled by the issuance of a state court mandate. *Foreman v. Dretke*, 383 F.3d 336, 339 (5th Cir. 2004).

Petitioner asserts he has shown that state actions impeded him from filing his federal petition sooner, citing 28 U.S.C. § 2244(d)(1)(B). Petitioner has not shown such an impediment or made any specific allegations which justify starting the statute of limitations on a later date because of an "impediment to filing [the] application created by State action in violation of the Constitution or laws of the United States [which was] removed, [and which] ... prevented [Petitioner] from filing by such State

11

action." 28 U.S.C. § 2244(d)(1)(B).

Petitioner's conviction "became final by ... the expiration of the time for seeking [direct] review." 28 U.S.C. § 2244(d)(1)(A). The conviction became final on December 6, 2002, when he "did not file a petition for discretionary review within the [time] allowed" by the Court of Criminal Appeals. *Roberts*, 319 F.3d at 693. Petitioner's motions filed after the dismissal of the PDR as untimely did not extend the finality date past December 6, 2002. The statute of limitations on Petitioner's habeas corpus claims expired on December 6, 2003, absent tolling.

**B. No Collateral Review Tolling under 28 U.S.C. § 2244(d)(2)**

The records of the Texas Court of Criminal Appeals submitted by Respondent show one action filed by Petitioner that could be classified as collateral review. *See Rodriguez v. First Court of Appeals*, Application No. 54,929-01. The Court of Criminal Appeals treated it as an Original Writ of Mandamus. *See id*.

Petitioner's assertions in his application for a writ of mandamus follow. The First Court of Appeals failed to perform its ministerial duty by refusing to consider and rule on these matters:

(1) Petitioner's timely notice of self-representation,

(2) Petitioner's timely filed motion for the court to direct the trial court clerk to supplement the record,

(3) Petitioner's timely filed motion for the court to order the district clerk's office to forward all supplemental records to Petitioner,

12

(4) Petitioner's timely filed motion for the official court reporter to supplement the record,

(5) Petitioner's timely filed motion to inspect the original recording of the trial, and

(6) Petitioner's motion to reconsider.

Petitioner's application for a writ of mandamus did not toll the statute of limitations under subsection (d)(2) because it did not collaterally attack the validity of his conviction. The application, including the relief sought, is in the nature of a writ of mandamus, not a collateral attack on the validity of Petitioner's conviction. A petition for a writ of mandamus is not an application for collateral relief for purposes of tolling under subsection 2244(d)(2). *Moore v. Cain*, 298 F.3d 361, 366-67 (5th Cir. 2002).

Petitioner's claim that his PDR was properly filed and the statute of limitations is therefore tolled under subsection 2244(d)(2) is unsound. A PDR filing is part of the direct review process, not part of collateral review. *Salinas v. Dretke*, 354 F.3d 425, 428 (5th Cir. 2004). By its terms, subsection 2244(d)(2) provides tolling during collateral review, not direct review. Furthermore, the PDR was not properly filed because it was untimely. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). Petitioner also claims the pendency of his motions for rehearing and his Motion to Stay Execution of Mandate warrant collateral review tolling. Petitioner filed his post-dismissal motions seeking a rehearing in his PDR, a part of the direct review process. *See Salinas*, 354 F.3d at 428. A mandate under Texas appellate procedure is issued in a direct appeal of a civil or

criminal case. TEX. R. APP. P. 18.1. Petitioner's motion concerning a mandate is part of the direct review process.

Petitioner's various post-dismissal motions for rehearing, stay of execution of mandate, and other relief, were filed in the Court of Appeals and the Court of Criminal Appeals in connection with the direct appeal of his conviction and using cause numbers associated with the direct review proceedings. These motions were not collateral review and do not warrant tolling under subsection 2244(d)(2).

**C. No Equitable Tolling**

Petitioner raises equitable tolling. Equitable tolling should only be used in "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

Petitioner waited five months after he received his legal materials before he filed this application. *See Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001) ("After the Louisiana Supreme Court denied Melancon's application for a supervisory writ, Melancon waited more than four months to file his federal habeas petition."); *see also Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999) ("Coleman did not file his § 2254 petition until approximately six months after learning of the denial of his state postconviction application."). In *Melancon* and *Coleman*, the Fifth Circuit said the Petitioners were not entitled to equitable tolling. "Equity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710 (5th Cir.1999). Petitioner has not shown an entitlement to equitable tolling.

## VI. CONCLUSION

Petitioner has not raised a genuine issue of material fact which defeats Respondent's summary judgment showing on the statute of limitations.

Petitioner constructively filed this federal application on May 6, 2004, six months after the statute of limitations expired under 28 U.S.C. § 2244(d)(1)(A). Petitioner's federal application is time barred. Accordingly, it is ORDERED that Respondent's Motion for Summary Judgment [Docket Entry No. 7] be GRANTED. This action is DISMISSED with prejudice as time barred under 28 U.S.C. § 2244(d).

This Court finds that Petitioner has not made a substantial showing that reasonable jurists "would find it debatable whether the district court was correct in its procedural ruling." *Beasley v. Johnson*, 242 F.3d 248, 263 (5th Cir.) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), *cert. denied*, 534 U.S. 945 (2001). A Certificate of Appealability should not issue.

SIGNED at Houston, Texas, on this 13th day of September, 2005.

*David Hittner*

_____

DAVID HITTNER

United States District Judge